## Lister v. Lister.

*Assumpsit—Affidavit of defence—Executor and administrators—Practice Act, 1915.*

Under the Practice Act of May 14, 1915, P. L. 483, an executor is not required to file an affidavit of defence on the merits to prevent judgment by default.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Delaware Co., Dec. T., 1924, No. 276.

*W. C. Longstreth,* for rule; *W. R. Fronefield,* contra.

BROOMALL, J., May 26, 1925.—The only question necessary to consider upon this rule is whether an executor is required to file an affidavit of defence to prevent judgment by default.

The law at the time of the passage of the Act of May 14, 1915, P. L. 483, was that an executor was not so required. Therefore, the question under consideration is to be determined by an interpretation of the Act of 1915. This act contains no affirmative requirement on an executor to file such affidavit. It is only by reason of some provisions of the act that the question has been rendered doubtful. There is no authoritative precedent on the subject. The lower courts have been somewhat at variance.

The title of the act is that it relates to practice prescribing the pleadings and procedure to be observed therein and giving the courts power to enforce its provisions. Following this title, the act relates to two subjects, to wit: Pleadings and procedure for one and enforcement proceedings for obtaining summary judgment for the other. The act looks to a development of the issue on the one hand and to a summary judgment on the other. On the subject of the development of the issue, the sixth section of the act provides that the statements of fact in the plaintiff's statement of claim shall be taken to be admitted, except as against one sued in a representative capacity. Section 16 provides that neither party at the trial shall be permitted to make any defence which is not set forth in the affidavit of defence or plaintiff's reply, except as provided in sections 7 and 13. Section 13 relates to actions of trespass and does not concern us. Section 7 provides that an executor need only state the facts he admits to be true, and that he believes there is a just and legal defence to the remainder and the facts upon which he bases his belief. While the act states that part of the pleadings shall consist of an affidavit of defence by the defendant, yet to limit the character of such affidavit by an executor, this section relieves an executor from an affidavit of defence on the merits and requires only the provisions stated in this section. This is a requirement in the development of the issue.

It, therefore, follows that the law as to the exemption of an executor from filing an affidavit of defence has not been changed by the Act of 1915. Nevertheless, the court, under the general power to enter judgment for want of a sufficient affidavit of defence, may enter such judgment where the executor admits the facts of the plaintiff's statement of claim or states other facts which go to show that there is no defence to the claim. Upon the trial of this case the plaintiff would be required to prove the execution and delivery of the notes upon which suit is brought. This fact, thus to be proven, is at present

wanting in the case. We agree with the statement of Judge Wanner in Smyser *v.* Strawbridge, Executrix, 4 D. & C. 297, wherein he says judgment against a defendant executor can "only be entered if the facts of the statement specifically admitted in the affidavit of defence, together with the additional facts alleged in the affidavit itself, are sufficient in themselves to show that the plaintiff has a good cause of action which is not sufficiently met by any defence set up in the affidavit."

The defendant in this case did file an affidavit of defence, setting up the statute of limitations, and subsequently signified by paper filed a withdrawal of this plea. Whatever may be done upon trial with the pleadings in this respect, we have considered the case as if no affidavit of defence had been filed, which is the more favorable view to the plaintiff.

We, therefore, conclude that the plaintiff at this time is not entitled to judgment for want of a sufficient affidavit of defence, and her rule for such judgment is discharged. From A. B. Geary, Chester, Pa.